IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OSCAR RUIZ,<br><br>Defendant. | Case No. CR09-2023<br><br>ORDER FOR PRETRIAL DETENTION |

On the 28th day of August, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Brian D. Johnson.

### RELEVANT FACTS

On August 24, 2009, Defendant Oscar Ruiz was charged by Indictment (docket number 28) with one count of conspiracy to distribute 500 grams or more of methamphetamine and one count of distribution of 50 grams or more of methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 26, 2009.

The Government did not offer any evidence regarding the allegations contained in the Indictment. Agent David Hoaglund of Immigration and Customs Enforcement ("ICE") testified, however, regarding other facts pertaining to detention. According to Agent Hoaglund, a false social security card was found in Defendant's home, bearing a social security account number issued to someone else. Defendant apparently used the false social security number in order to purchase a home. Defendant admitted to Agent Hoaglund that he was born in Mexico and entered the United States unlawfully. ICE has

1

placed an administrative detainer on Defendant for possible removal from this country. According to Agent Hoaglund, Defendant also admitted his involvement in prior methamphetamine transactions.

Defendant is 29 years old. Prior to his arrest, Defendant lived with his wife and three children in Waterloo, Iowa. Defendant has apparently lived in Waterloo all of his adult life. Defendant is self-employed with a custom body shop.

In 1998, Defendant was convicted of possession of burglars tools and attempted burglary in the third degree. He received a suspended prison term and was placed on probation for two years. While on probation, Defendant was convicted of simple assault and domestic abuse assault. His probation was then modified to require that he reside at a residential facility. There is no indication that Defendant has any criminal convictions since that time.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will

reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine and distribution of 50 grams or more of methamphetamine, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine and distribution of 50 grams or more of methamphetamine. While Defendant has only a limited prior criminal record, he is charged in a conspiracy to distribute a substantial amounts of methamphetamine. Defendant apparently admitted to agents that he had been involved in methamphetamine transactions. A search of his home resulted in the seizure of ammunition. Defendant is apparently in this country unlawfully and ICE has issued an administrative detainer subject to removal proceedings.

If the Court finds there is probable cause to believe that the person committed an offense, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 25, 2009) to the filing of this Ruling (August 28, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 28th day of August, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA